IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RINETTE MURPHY,<br>    Plaintiff, | Civil Action No. 7:08cv00475 |
| v. | **MEMORANDUM OPINION** |
| LYNCHBURG REGIONAL JAIL, et al.,<br>    Defendants. | By: Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Rinette Murphy, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Murphy alleges that defendant Officer Jones violated her right to privacy.[1] Upon review of the complaint, I find that Murphy has failed to state a claim and, therefore, dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Murphy alleges that Officer Jones told Murphy that she had talked with a girl outside the jail about Murphy being incarcerated. Murphy alleges that this was the "same girl that was responsible for [her] getting locked up." She argues that Officer Jones should have signed a sworn statement to not discuss her job outside of the jail. Murphy claims that Officer Jones violated her right to privacy by talking to an individual outside of the jail regarding the fact of Murphy's confinement.

## II.

To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this

---

[1] Murphy also names the Lynchburg Regional Jail as a defendant in this matter; however, the jail is not a "person" subject to suit under § 1983 and, therefore, Murphy cannot maintain her action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). There is no general constitutional right to privacy, Whalen v. Roe, 429 U.S. 589, 608 (1977); rather, the "right to privacy" has been limited to matters of reproduction, contraception, abortion, and marriage, and none of these matters is implicated in the present case, see Condon v. Reno, 155 F.3d 453, 464 (4th Cir. 1998) (citations omitted). Moreover, the fact of Murphy's incarceration is a matter of public record. See Walls v. City of Petersburg, 895 F.2d 188 (4th Cir. 1990) (finding that there was no constitutional right to privacy in information found in a public record). Inasmuch as Murphy has not alleged that she has been deprived of any right guaranteed by the Constitution or laws of the United States, I find that she has failed to state a claim under § 1983.

### III.

For the reasons stated, I dismiss Murphy's complaint for failure to state a claim.

**ENTER:** This 25th day of August, 2008.

Senior United States District Judge